Patricia Kirtley Wells (#013905)
Kirtley Wells Law Office
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 264-7424
E-Mail: tk@kwlolaw.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lavitta Cooks,<br><br>          Plaintiff,<br><br>     v.<br><br>State of Arizona,<br><br>          Defendant. | **COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Lavitta Cooks files her claim for relief against Defendant and alleges:

1.  This Court has jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §§ 451, 1331, 1337, 1343, 1343(4) and 1345 to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.

2.  This action is brought under Title VII of the Civil Rights Act of 1964, *as amended* 42 U.S.C. §§ 2000e et seq. (Title VII) and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3.  Venue is proper in the United States District Court of Arizona pursuant to 28 U.S.C. § 1391(b), because the events giving rise to plaintiff's claims occurred in this District.

**Parties**

4. Ms. Cooks, an African American, at all times relevant was a resident of Maricopa County in this Judicial District.

5. Defendant State of Arizona is a public entity that oversees and is ultimately responsibility for the Department of Economic Security ("DES").

6. State of Arizona is a covered employer as defined by Title VII of the Civil Rights Act of 1964, as amended.

7. Defendant employed more than 500 employees each working day during each of 20 or more calendar work weeks in 2018, 2019 and 2020.

8. Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and/or Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) including discrimination against Plaintiff on the basis of her race and retaliation. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race and because she opposed unlawful employment practices.

9. More than one hundred and eighty days (180) days prior to the institution of this lawsuit, Ms. Cooks filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging State of Arizona discriminated against her because of her race, African American and retaliated against her because she opposed Defendant's unlawful discriminatory conduct.

10. All conditions precedent to the institution of this lawsuit has been fulfilled.

## General Allegations

11. Plaintiff began working for Defendant as the Employee Relations Manager for Defendant's the Office of the Director on or about January 2, 2018. Her job duties and responsibilities included staffing and other responsibilities. She reported to Andrew Martin, Chief Human Resources Officer ("Martin"), who managed Defendant's human resources functions for the DES.

12. As evidence of her competence and skills Ms. Cooks worked for a period of time as both the Employee Relations Manager and as the Human Resources Manager.

- 2 -

13. Despite the fact she worked in the area of human resources, Ms. Cooks was subjected to discrimination and harassment (hostile work environment) because of her race and retaliation for engaging in activities protected under Title VII.

14. On September 8, 2018, Ms. Cooks was promoted to a Human Resources Business Partner ("HRBP") with a stipend/increase of $192.31 per week.

15. Beginning in December 2018, Ms. Cooks reported actions she believed to be violations of Title VII and/or Defendant's policies and regulations. Her reports were ignored and Defendant failed to take reasonable measures to investigate and remediate the matters.

16. Instead Defendant commenced a pattern of retaliation against Ms. Cooks.

17. Beginning in approximately December 2018, Martin frequently voiced his displeasure with the fact that Ms. Cooks reported unlawful employment actions by calling her "LaRizon" a play on the word "Verizon" in the presence of others. Martin told Cooks she was "LaRizon" because she talked too much." He explained "you're always in my office reporting stuff. Too bad you have an "unlimited plan."

18. In March 2019, Ms. Cooks was transferred to the Division of Technology Services without explanation, where she reported to Sanjiv Ragol, Chief Information Officer who made it clear that he did not want her to work for him. He made no effort to hide his discriminatory animus towards her because of her race.

19. On a constant basis Mr. Ragol harassed Ms. Cooks by verbally assaulting her, criticizing her work without justification, accusing Ms. Cooks of being a liar, and warning her that she "better be careful and watch herself."

20. Ms. Cooks' reports to her superiors regarding the harassment and abuse were ignored. No investigation was conducted.

21. In May 2019, Ms. Cooks' manager told her he was not permitted to give her the rating/score on her performance evaluation she had earned and therefore she was not eligible for a salary increase.

22. Specifically, she was told that Martin had an issue with her because she encouraged employees to report violations of State policies and procedures including unlawful discrimination.

23. On October 16, 2019, Ms. Cooks filed a charge of discrimination, in good faith, with the EEOC (charge no. "540-2020-00207) alleging discrimination on the basis of race, African American and retaliation. Amongst other things she alleged that since approximately December 2018 she suffered retaliation for reporting discriminatory conduct that she had observed.

24. Less than 30 days later, Ms. Cooks was informed the human resources analyst on her team was being relocated and that she was not permitted to have any contact with him. She was not given an explanation regarding why the analyst was relocated from her team and the move increased her individual work load.

25. Her supervisor told Ms. Cooks he did not make the decision to relocate the analyst and that he was not advised why the analyst was being relocated.

26. Ms. Cooks sent the Acting Chief Human Resources Officer several e-mails requesting to talk with her regarding the discrimination and retaliation she was experiencing. Her requests were ignored.

27. On December 19, 2019 Ms. Cooks filed a charge of discrimination (no. 540-2020-00960) with EEOC alleging retaliation.

**Title VII – Discrimination, Harassment & Retaliation**

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the paragraphs above.

29. Lavitta Cooks is a "protected person" under Title VII of the Civil Rights Act of 1964, as amended, due to her race, African American.

30. As detailed herein, Defendant singled Ms. Cooks out for disparate treatment, including discrimination in the terms and conditions of her employment and by creating a hostile work environment and denying her equal terms and conditions of employment.

31. Based on the facts plead throughout this Complaint, Defendant did and continued to retaliate against Ms. Cooks by denying her equal terms and conditions of employment including equal employment opportunities for compensation.

32. Defendant unlawfully retaliated against Ms. Cooks on the basis of her prior activities in opposing discrimination.

33. As a direct and proximate result of Defendant's discrimination and retaliation Ms. Cooks suffered damages including lost wages, lost benefits, embarrassment, humiliation, garden variety mental and emotions distress, all in an amount to be proven at trial.

34. Plaintiff request the Court enjoin defendant from engaging in employment practices, policies, customs, usages and procedures that operate to retaliate against employees that have opposed discrimination on the basis of practices made unlawful by Title VII.

### Jury Demand

35. Plaintiff demands trial by jury of all claims and causes of action so triable.

### Relief Requested

WHEREFORE, plaintiff respectfully requests that this Court:

1. Grant all injunctive relief necessary to bring defendant into compliance with Title VII;

2. Require State of Arizona to post notices in its workplace that it had violated Ms. Cooks' rights under Title VII.

5. Require Defendant train its supervisors and management level employees about Defendants policies and procedures regarding reporting and investigating reports of discrimination and retaliation.

4. Order defendant to pay plaintiff for wages, salary, employment benefits, and other compensation denied or lost to Ms. Cooks by reason of Defendant's violations of her civil rights in amounts to be proven at trial;

5. Order defendant to pay plaintiff front pay, in an amount to be proven at trial;

8. Order defendant to pay plaintiff compensatory damages in an amount to be proven at trial;

7. Order Defendant to pay plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action;

8. Order Defendant to pay plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

9. Grant such other and further relief as this Court may deem proper and just.

DATED this 18th day of April, 2021.

Kirtley Wells Law Office

By: /s/Trisha Kirtley Wells
Trisha Kirtley
4742 N. 24th Street, Ste. 300
Phoenix, AZ 85016
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2021, I electronically transmitted the foregoing document to the Clerk's Office and defense using the ECF System for filing.

/s/Trisha Kirtley
_____
Trisha Kirtley